Emmett J. Schnepp, J.
Lumbermens Mutual Casualty Company seeks to stay arbitration upon the ground that Michael A. Cuozzo failed to give the required notice under the ‘ ‘ uninsured motorist ” indorsement, on a standard policy of automobile *295 liability insurance issued by it to Cuozzo. Under the policy notice must be given within 90 days following the accident or soon thereafter as practicable.
On April 24, 1966 Cuozzo was injured when his car was struck by an automobile operated by one Reinman. Claimant did not give such notice until January 25, 1968, two days after he first ascertained that the Travelers Insurance Company canceled insurance coverage on the Reinman automobile before the accident. In the intervening period, claimant attempted to enforce his personal injury claim under the erroneous assumption that insurance coverage existed. He instituted an action against Reinman and endeavored to effect service of the summons. He was ostensibly assisted in his efforts during such time by Lumbermens, which possessed knowledge in September, 1966, not communicated by it to Cuozzo, that the Reinman automobile was uninsured. Lumbermens had notice of and ability to investigate the accident shortly after the occurrence, and operated under no disadvantage or prejudice by reason of the date of such notice. Upon all the facts detailed in the affidavits and exhibits attached thereto, it is held that claimaint exhibited the required diligence, under the circumstances reflected here. (Matter of Kauffman [MVAIC], 25 A D 2d 419; Matter of Giles [MVAIC], 30 A D 2d 637.) Notice was provided by claimant as soon as he had knowledge of the facts upon which notice under the “ uninsured motorist ” indorsement was applicable and upon which notice was predicated. (Matter of MVAIC [Brown], 15 A D 2d 578.) Accordingly, from the proof before the court it is found as a fact that notice was given by claimant to Lumbermens as soon as it was reasonably practicable for him to do so. (Lauritano v. American Fid. Fire Ins. Co., 3 A D 2d 564.)
Further, after the proof of claim and physicians’ statements were transmitted on March 19, 1968 to Lumbermens, settlement negotiations of the claim under the “uninsured motorist” indorsement were conducted over an extended period of time, unacceptable offers made in settlement and arbitration contemplated. This course of conduct in any event, constitutes a waiver of any claimed defect in the notice provided herein. (Cohen v. Atlantic Nat. Ins. Co., 24 A D 2d 896; 31 N. Y. Jur, Insurance, § 1303 et seq.)
The motion for order to stay arbitration herein is denied.